IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLEN REED, </br></br>  Plaintiff, </br></br> v. </br></br> THE CITY OF STOCKTON; and DOES 1-10, inclusive, </br></br>  Defendants. | 2:11-cv-03269-GEB-GGH </br></br> STATUS (PRETRIAL SCHEDULING) ORDER |

The status (pretrial scheduling) conference scheduled for hearing on March 26, 2012, is vacated since the parties' Joint Status Report filed on March 12, 2012 ("JSR") indicates the following Order should issue.

SERVICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT

Plaintiff states in the JSR that she "anticipates joinder of Doe defendants within 21 days of receipt of the documents Defendant has agreed to produce by April 13, 2012." (ECF No. 8, 2:2-3.)

The parties also state in the JSR:

> Plaintiff's counsel has identified two minor errors in the Complaint (e.g., a grocery shop on Manthey Road was mis-identified as "California Star Market", instead of "California Stop FoodMart"). The Parties have agreed that Plaintiff will file an amended complaint to fix those two errors, and Plaintiff stipulates that the Answer on file will be deemed to be responsive to the Amended Complaint, and no further answer or responsive pleading will be filed.

1

<u>Id.</u> at 2:6-10.

Plaintiff has fourteen (14) days from the date this order is filed within which to file the referenced Amended Complaint. Further, Plaintiff has until May 14, 2012, to file a motion in which leave is sought under Federal Rule of Civil Procedure 15(a) to substitute a named defendant in place of a Doe defendant. This motion must be noticed for hearing on the Court's earliest available law and motion date. If leave is not sought as stated, Does 1 through 10 will be automatically dismissed from this action.

No further service, joinder of parties, or amendments to the pleadings is permitted, except with leave of Court for good cause shown.

<u>ADDED DEFENDANT'S OPPORTUNITY TO SEEK AMENDMENT OF THIS ORDER</u>

If Plaintiff substitutes a named defendant in place of a Doe defendant, a copy of this Order shall be served on that defendant concurrently with the service of process.

That defendant has 30 days after said service within which to file a "Notice of Proposed Modification of Status Order." Although a newly-joined party's proposed modification filed within this thirty day period will not have to meet the good cause standard, no further amendments will be permitted, except with leave of Court for good cause shown.

<u>DISCOVERY</u>

All discovery shall be completed by October 1, 2012. In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate orders, if necessary, and, where discovery has been ordered, the order has been complied with

or, alternatively, the time allowed for such compliance shall have expired.

Each party shall comply with Federal Rule of Civil Procedure 26(a)(2)(B) and (C)'s initial expert witness disclosure requirements on or before May 1, 2012, and any contradictory and/or rebuttal expert disclosure authorized under Rule 26(a)(2)(D)(ii) on or before June 1, 2012.

## MOTION HEARING SCHEDULE

The last hearing date for a motion is December 3, 2012, commencing at 9:00 a.m.[1] A motion shall be briefed as prescribed in Local Rule 230.

The parties are cautioned that an untimely motion characterized as a motion in limine may be summarily denied. A motion in limine addresses the admissibility of evidence.

## FINAL PRETRIAL CONFERENCE

The final pretrial conference is set for February 11, 2013, at 1:30 p.m. The parties are cautioned that the lead attorney who WILL TRY THE CASE for each party shall attend the final pretrial conference. In addition, all persons representing themselves and appearing in propria persona must attend the pretrial conference.

The parties are warned that **non-trial worthy issues could be eliminated *sua sponte*** "[i]f the pretrial conference discloses that no material facts are in dispute and that the undisputed facts entitle one of the parties to judgment as a matter of law." Portsmouth Square v. S'holders Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985).

---

[1] This time deadline does not apply to motions for continuances, temporary restraining orders, emergency applications, or motions under Rule 16(e) of the Federal Rules of Civil Procedure.

The parties shall file a **JOINT** pretrial statement no later than seven (7) calendar days prior to the final pretrial conference. The joint pretrial statement shall address the applicable portions of Local Rule 281(b), and shall set forth each theory of liability ("claim") and affirmative defense which remains to be tried, and the ultimate facts on which each theory/defense is based. Furthermore, each party shall estimate the length of trial.[2] The Court uses the parties' joint pretrial statement to prepare its final pretrial order and could issue the final pretrial order without holding the scheduled final pretrial conference. See <u>Mizwicki v. Helwig</u>, 196 F.3d 828, 833 (7th Cir. 1999)("There is no requirement that the court hold a pretrial conference.").

If feasible, at the time of filing the joint pretrial statement counsel shall also email it in a format compatible with WordPerfect to: geborders@caed.uscourts.gov.

TRIAL SETTING

Trial shall commence at 9:00 a.m. on May 21, 2013.

IT IS SO ORDERED.

Dated: March 16, 2012

_____
GARLAND E. BURRELL, JR.
United States District Judge

---

[2] If a trial by jury has been preserved, the joint pretrial statement shall also state how much time each party desires for voir dire, opening statements, and closing arguments.

4